IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 2018-cv-_____ |
| KEITH MATSON, STACY MATSON and MATSON FARMS, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the plaintiff, Owners Insurance Company, by Wham & Wham, its attorneys, and for its Complaint for Declaratory Judgment against the defendants herein, Matson Farms, Inc. (Matson Farms), including Leslie Matson, Keith Matson, and Stacy Matson states as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 which arises out of an existing and actual controversy between the parties concerning the parties' rights and obligations, more specifically, the existence of coverage, under a farm insurance policy which includes, in part, personal liability coverage, being policy number 42-648-255-03, coverage commencing on March 15, 2014 and expiring March 15, 2015.

2. The policy referred to above, attached hereto as Exhibit A, was issued to Matson Farms, Inc. The policy also identifies Keith Matson and Stacy Matson as named insureds.

3. That, during the policy period, claims for damages were asserted by Keith Matson against Matson Farms, Inc. arising out of a leak in a storage tank that allowed fertilizer owned by Matson Farms, Inc. to escape, allegedly causing property damage to property owned by Keith Matson.

1

4.      As a result of the claimed damages, legal action has been initiated in the Circuit Court for the Fourth Judicial Circuit, Jasper County, Illinois, bearing cause number 2017-L-3, styled *Keith Matson v. Matson Farms, Inc.* See Complaint and Amended Complaint attached hereto as Exhibit B and Exhibit C, respectively.

## THE PARTIES

5.      At all times herein, plaintiff, Owners Insurance Company, was and is an Ohio mutual company with its principal place of business in Lansing, Michigan, and, therefore, a citizen of Ohio and Michigan.

6.      Defendant Matson Farms, Inc., is an Illinois corporation with its principal place of business in Jasper, Illinois and, therefore, a citizen of Illinois.

7.      Defendant Keith Matson is a natural person residing and domiciled in Illinois and is the owner of the real property and improvements located in Jasper County, Illinois and, therefore, is a citizen of Illinois.

8.      Defendant Stacy Matson is a natural person residing and domiciled in Illinois and is the owner of the real property and improvements located in Jasper County, Illinois and , therefore, is a citizen of Illinois.

## JURISDICTION

8.      This Court possesses original jurisdiction of this civil action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds $75,000.00, exclusive of interest and cost, and is between citizens of different states.

## VENUE

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the activities giving rise to the controversy that occurred in Jasper County, Illinois, within this judicial district.

## THE POLICY

10. A true copy of the policy of insurance that is in controversy is attached hereto, marked Exhibit A, and made a part hereof.

11. Policy number 442-648255-03 affords coverage as follows:

──────────────── **INSURING AGREEMENT** ────────────────

The attached Declarations describe the property **we** insure and the Coverages and Limits of Insurance for which **you** have paid a premium. In reliance upon **your** statements in the Declarations and application(s), **we** agree to provide insurance subject to all terms and conditions of this policy. Each coverage described in this policy applies if a limit of insurance or a premium is shown in the Declarations for that coverage. In return, **you** must pay the premium and comply with all the terms and conditions of this policy. This policy applies to loss of or damage to covered property and to **bodily injury, property damage, personal injury** and **advertising injury** which occur during the policy term shown in the Declarations.

The policy defines insured as follows:

──────────────── **DEFINITIONS** ────────────────

7. **Farming** and **farm** means the ownership, maintenance or use of **insured premises** for the growing of crops and/or the raising of animals or poultry, including related and necessary operations. **Farming** includes the operation of roadside stands principally for sale of produce grown by any **insured**.

\* \* \*

12. **Insured** means when the named insured in the Declarations is:

    a. an individual:

        (1) **you**;

\* \* \*

    d. an organization other than a partnership, joint venture or limited liability company:

        (1) **you**;

        (2) **your** officers; and

        (3) **your** directors

    but only with respect to the conduct of **your farming** operations.

\* \* \*

The policy defines property damage as follows:

22. **Property damage** means damages to or destruction of tangible property including loss of use of that property.

3

(Exhibit A, Page 4)

\* \* \*

The Personal Liability Protection provides coverage as follows:

─────────── **SECTION II - PERSONAL LIABILITY PROTECTION** ───────────
──────────────────── **COVERAGES** ────────────────────

**COVERAGE G - PERSONAL LIABILITY**

1. **We** shall pay all sums any **insured** becomes legally obligated to pay as damages because of or arising out of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies. However, with respect to any **aircraft, farm implement, motor vehicle, recreational vehicle** or **watercraft**:

\* \* \*

The policy provides a number of exclusions, one or more of which may provide a limitation on coverage including:

**COVERAGE G - PERSONAL LIABILITY**

This coverage does not apply:

8. to **property damage** to property owned by any **insured.**

\* \* \*

9. to **property damage** to property:
   a. occupied by any **insured**;
   b. used by any **insured**;
   c. rented or loaned to any **insured**;
   d. being transported by any **insured**; or
   e. in the care, custody or control of any **insured.**

This exclusion does not apply to **property damage** to such property caused by fire, smoke, or explosion.

(Exhibit A, pages 29 and 34-35)

12. Plaintiff contends the policy does not afford coverage for the claims made against its insured, Matson Farms, Inc., and that one or more of the above exclusions are applicable to the claims made against Matson Farms, Inc.

4

13. Defendants contend the policy does afford coverage and assert damages totaling $100,588.00 as set forth in counsel for defendant's August 30, 2017 correspondence to the undersigned, attached hereto as Exhibit D.

14. By reason of the foregoing, an actual controversy exists between plaintiff and defendant.

WHEREFORE, plaintiff, Owners Insurance Company, requests the Court to enter a Declaration of Rights and Declaratory Judgment pursuant to 28 U.S.C. § 2201 that:

A. The policy number 442-648255-03 does not provide coverage for the damages claimed to the property at issue; and

B. For such other and further relief as the premises in equity may require.

Respectfully submitted,

WHAM & WHAM LAWYERS
212 East Broadway, P.O. Box 549
Centralia, Illinois 62801
Phone: (618) 532-5621
Fax: (618) 532-5055
Email: drpwhamlawyers@aol.com
*Attorneys for plaintiff,*
*Owners Insurance Company*

BY s/ Daniel R. Price
    Daniel R. Price    IL #6188928