IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 18-CV-403-RJD |
| KEITH MATSON, STACY MATSON, and MATSON FARMS, INC., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 15) pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff timely filed a response (Doc. 16).

### Background

This is a declaratory judgment action in which Plaintiff seeks a declaration that it owes no duty to defend or indemnify Matson Farms, Inc. in a lawsuit currently pending in the Circuit Court for the Fourth Judicial Circuit, Jasper County, Illinois.[1] The state court case was filed by Keith Matson against Matson Farms, Inc. seeking damages arising out of a leak in a storage tank that allowed fertilizer owned by Matson Farms, Inc. to escape, allegedly causing property damage to property owned by Keith Matson. The farm insurance policy, number 42-648-255-03, was issued to Matson Farms, Inc. for coverage commencing on March 15, 2014 and expiring Match 15, 2015.

According to the complaint, Owners Insurance Company, was and is an Ohio mutual company with its principal place of business in Lansing, Michigan, and therefore, a citizen of Ohio

---
[1] *Keith Matson v. Matson Farms, Inc.*, 2017-L-3, Jasper County, Illinois.

and Michigan. Defendant Matson Farms, Inc. is an Illinois corporation with its principal place of business in Jasper, Illinois and, therefore, a citizen of Illinois. Defendants Keith and Stacy Matson are natural persons residing and domiciled in Illinois and are owners of real property and improvements located in Jasper County, Illinois, and, therefore, are citizens of Illinois. Plaintiff asserts this Court possesses original jurisdiction of this civil action because the matter in controversy exceeds $75,000 and there is diversity of citizenship pursuant to 28 U.S.C. § 1332(a). There is no contest that there is diversity of citizenship between the parties.

Defendants ask the Court to dismiss this case for lack of subject matter jurisdiction arguing the amount in controversy does not exceed the sum or value of $75,000 as required by 28 U.S.C. § 1332(a). The prayer for relief in the underlying state court case seeks the amount of $73,000 for compensation of damaged property. Defendants assert the amount in controversy is measured by the value of the object of the litigation. Additionally, Defendants point out a declaratory judgment matter involving the same occurrence, insurance policy, and parties at issue in Plaintiff's Complaint was filed in Jasper County Case No. 2014-CH-16. Defendants assert the issue raised in this Complaint should be included as part of the state chancery case, rather than as a separate matter in a different venue.

**Standard**

Rule 12(b)(1) requires dismissal if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Seventh Circuit has stated that although a plaintiff may easily defeat a Rule 12(b)(6) motion to dismiss for failure to state a claim, the same is not true for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Bastien v. AT & T Wireless Services, Inc.*, 205 F.3d 983, 990 (7th Cir. 2000). The Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church*

*of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir.2007) (citation omitted). Yet, a court may receive and weigh evidence outside the allegations in the complaint to determine if it has subject matter jurisdiction over the case. *Id*. In any event, the plaintiff has the burden of proving that subject matter jurisdiction exists. *Id*.

## Analysis

**Amount in Controversy**

In actions seeking declaratory relief, the Court begins its analysis by looking at the amount in controversy sought in the underlying Court case. *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (stating that "the starting point in determining the amount in controversy is typically the face of the complaint, where the plaintiff indicates the claim's value in her request for relief."). This is not, however, the end of the inquiry. The jurisdictional minimum in diversity cases is not just the amount sought by the plaintiff but the amount at stake to either party to the suit. *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002). A liability insurer's potential outlay for indemnity counts toward amount-in-controversy diversity jurisdiction criterion in an insurer's action seeking declaration of no duty to defend or indemnify. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 539 (7th Cir. 2006). "Only if it is "legally certain" that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed." *Id.* at 543.

Defendants argue the amount in controversy is not met because the relief sought in the state court action is only $73,000. Plaintiff argues when taking into consideration the cost of defense, in addition to the $73,000, the minimum amount-in-controversy required for federal jurisdiction is established as a matter of law. The Court finds the stakes of the suit exceed the $75,000 minimum and the case is properly in federal court under the diversity jurisdiction.

**Forum Shopping**

Defendants argue the issues raised in this case should be decided by the state court in the declaratory judgment filed in Jasper County Case No. 2014-CH-16 because at issue in that case is a coverage dispute matter involving the same occurrence, insurance policy, and parties in this case. Defendants claim Plaintiff is "judge shopping" by filing this claim in federal court and that for purposes of judicial economy, this matter should be dismissed, and Plaintiff should be required to include the issues raised herein with those pending in Jasper County.

Plaintiff asserts there is no declaratory judgment action pending in Jasper County between any of the Defendants and Plaintiff concerning liability coverage for cause 17-L-3. Plaintiff argues the declaratory judgment action currently pending in state court, although it arises from the same policy and occurrence, is a first-party declaratory judgment action and not parallel to this action.

"Under what is known as the *Wilton/Brillhart* abstention doctrine, district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983 (7th Cir. 2010). The *Wilton/Brillhart* doctrine applies "in a diversity case where a declaratory judgment is sought and a parallel state proceeding also exists." *Envision*, 604 F.3d at 986 (citing *Wilton v. Seven Falls Co.,* 515 U.S. 277, 283 (1995*); Provident Tradesmens Bk. & Tr. Co. v. Patterson*, 390 U.S. 102, 126 (1968) (noting "we reaffirm our prior holding that a federal district court should, in the exercise of discretion, decline to exercise jurisdiction over a diversity action raising issues of state law when those same issues are being presented contemporaneously to state courts.")); see also *R.R. St. & Co. v. Vulcan Materials Co*., 569 F.3d 711(7th Cir. 2009) ("There is no doubt that a court may dismiss or stay an action under the *Wilton/Brillhart* abstention

doctrine where solely declaratory relief is sought."). Determining whether abstention is appropriate involves a two-step inquiry. First, the Court must determine whether the state and federal cases are parallel. *Id*. at 716–17. If the cases are parallel, the Court must then determine whether the non-declaratory claims are independent of the declaratory claims. *Id*.[2] A suit is 'parallel' "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir.1988); see also *Sta–Rite Indus., Inc. v. Allstate Ins. Co*., 96 F.3d 281, 287 (7th Cir.1996).

The Court finds these two cases are not parallel for the purposes of *Wilton/Brillhart* abstention. Resolving whether the suits share the same central issues focuses on the likelihood that the state court litigation will dispose of all claims presented in the federal case. *TruServ Corp. v. Flegles, Inc*., 419 F.3d 584, 592 (7th Cir.2005). If there is any substantial doubt that the parallel litigation will be "an adequate vehicle for the complete and prompt resolution of the issues between the parties," it would be a "serious abuse of discretion" for the district court to stay or dismiss a case in deference to the parallel litigation. *AAR Int'l, Inc. v. Nimelias Enterprises S.A*., 250 F.3d 510, 518 (7th Cir. 2001).

The state declaratory judgment action seeks to resolve Plaintiff's obligation to compensate Defendant Matson Farms, Inc. for its losses suffered; it does not, however, seek to resolve whether Plaintiff is obligated to defend and indemnify Matson Farms, Inc. in the civil liability action filed by Keith and Stacy Matson. The state court litigation is not likely to dispose of the claim presented in this case, therefore, the Court finds the two cases are not parallel and rejects abstention.

---

[2] The Court need not engage in the second inquiry here, as Plaintiff's complaint does not contain any non-declaratory judgment claims.

**Conclusion**

For the reasons set forth above, the Motion to Dismiss (Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**   December 16, 2019

*s/  Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**